Michael J. Sexton CA Bar No. 153435
michael.sexton@ogletree.com
Bryce Farrington CA Bar No. 322900
bryce.farrington@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
GCP APPLIED TECHNOLOGIES, INC.,
a Delaware corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| VALENTE RODRIGUEZ, an individual;<br><br>                    Plaintiff,<br><br>          v.<br><br>GCP APPLIED TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive;<br><br>                    Defendants. | Case No. Pending<br><br>**DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[*Filed Concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Sherry Mennenga; Declaration of Bryce Farrington; and Notice of Related Cases*]<br><br>Complaint Filed: November 12, 2021<br>Trial Date:        None Set<br>District Judge:    Hon. TBD<br>Magistrate Judge: Hon. TBD |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF VALENTE RODRIGUEZ AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, Defendant GCP APPLIED TECHNOLOGIES, INC. ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendant states as follows: (1) there is complete diversity of citizenship between Plaintiff, a citizen of the State of California, and Defendant, a citizen of the States of Delaware and Georgia and/or Massachusetts; (2) the amount in controversy meets the jurisdictional requirement of exceeding $75,000 set forth in Section 1332(a); and (3) this removal petition is timely filed.

I.   **THE STATE COURT ACTION**

1.    On November 12, 2021, Plaintiff commenced this action by filing a Complaint in the Superior Court of Court of California, County of Orange, captioned Valente Rodriguez V. GCP Applied Technologies Inc., bearing the case number 30-2021-01231423-CU-WT-NJC. The Complaint purports to assert claims for: (1) Disability Discrimination in Violation of Government Code § 12940 Et Seq.; (2) Failure to Prevent Discrimination in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Failure to Engage in the Interactive Process in Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Wrongful Termination in Violation of Public Policy. A true and correct copy of Plaintiff's Complaint and all other orders and papers served upon Defendant ("Complaint") are attached to this Notice of Removal ("Notice") as **Exhibit A**.

2.    Defendant was served with the Complaint on November 16, 2021.

/ / /

/ / /

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

3.     On December 13, 2021, Defendant filed and served its Answer and Affirmative Defenses to Plaintiff's Complaint. A true and correct copy of Defendant's Answer and Affirmative Defenses is attached hereto as **Exhibit B**.

4.     Other than the foregoing pleadings, Defendant is unaware of there being any other documents on file with the Orange County Superior Court in this action.

5.     As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000.

## II.     SATISFACTION OF PROCEDURAL REQUIREMENTS

6.     The Superior Court of California, County of Orange, is located within the territory of the Central District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

8.     In accordance with 28 U.S.C. § 1466(b)(3), the Notice was filed within thirty (30) days after receipt by Defendant of a paper from which they first ascertained that the case is one which is or has become removable.

9.     In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, County of Orange and the Clerk of the Central District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## III.     COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

10.     For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff "was and is a resident of the State of California, County of Riverside." (Complaint ¶ 1.) Furthermore, at the time of Plaintiff's separation, Defendant's records of Plaintiff's employment indicate that he resided in California and his last known home address was in California. (Declaration of Sherry Mennenga ("Mennenga Decl.") ¶ 7.) Accordingly, Defendant is informed and believes that Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California for purposes of this removal.

11.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *The Hertz Corporation v. Friend*, 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 93. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

12.     Defendant was at the time of the filing of this action, and still is, an entity incorporated under the laws of State of Delaware. (Mennenga Decl., ¶ 3.) Further, Defendant's headquarters, which is its center of direction, control, and coordination, are in the States of Georgia and/or Massachusetts. (Mennenga Decl., ¶ 4.) Finally, Defendant does business in a number of states and does not conduct the substantial predominance of its business in any single state. (Mennenga Decl., ¶ 5.) *See Montrose Chem. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal

place of business is the state in which the corporation performs its executive and administrative functions). Therefore, at all material times, Defendant has been a citizen of the States of Delaware and Georgia and/or Massachusetts, not California.

13. "Doe" Defendants' Citizenship: "For the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. West. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that the non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Doe" defendants in the Complaint cannot defeat diversity jurisdiction.

14. Therefore, based on the foregoing, diversity is established between Plaintiff and Defendant. Plaintiff is a citizen of the State of California, and Defendant is a citizen of the States of Delaware and Georgia and/or Massachusetts. Thus, this timely Petition is based on diversity between Plaintiff and Defendant.

## IV.   THE JURISDICTIONAL MINIMUM IS EASILY MET ON THE FACE OF THE COMPLAINT

15. This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below. Defendant discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Defendant denies that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

16. Defendant is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes,

look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

17.     Plaintiff asserts that he is entitled to lost earnings, statutory penalties, and other economic damages. (Compl. ¶¶ 22, 32, 41, 51, 59, 67, and 76; Prayer for Relief No. 2 - 4.) At the time of his termination in July 2021, Plaintiff's hourly rate was approximately $30.92, which translates to an annualized salary of approximately $64,313.6. (Mennenga Decl., ¶ 6.)

18.     Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy. *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031-1035 (N.D. Cal. 2002). Plaintiff alleges that as a result of Defendant's conduct he is entitled to damages for emotional distress. (Compl. ¶¶ 23, 33, 42, 52, 60, 68, and 77; Prayer for Relief No. 1.)

19.     Additionally, Plaintiff has pleaded for the recovery of punitive damages. (Compl. ¶¶ 35, 44, 54, 62, 70, and 79; Prayer for Relief at No. 8.) "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *see Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963) (punitive damages are included in calculating the amount in controversy).

20.     For amount in controversy purposes, the court must conclude that Plaintiff will prevail on his claim for punitive damages. *See Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court), Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case). As such, Plaintiff's claimed punitive damages alone are likely to satisfy the jurisdictional minimum.

21.     Finally, Plaintiff seeks statutory attorney's fees and costs. (Compl. ¶¶ 34, 43, 53, 61, 69, and 78; Prayer for Relief No. 6 and 9.) Plaintiff's claim for attorney's fees is based on the California Government Code, which authorizes an award of attorney's fees. When authorized by statute or contract, attorneys' fee claims are also properly considered in determining the amount in controversy. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees to be included in the amount in controversy if recoverable by statute or contract). Adding the potential recovery of attorneys' fees, it is factually apparent from the body of the Complaint that the damages sought by Plaintiff are well in excess of $75,000.

22.     Therefore, it is factually apparent from the body of the Complaint that the claim exceeds the jurisdictional amount. Numerous bases exist to establish that the damages sought by Plaintiff exceed the Court's jurisdictional minimum. As the alleged damages far exceed this Court's jurisdictional limit and as the parties are of diverse citizenship, removal is proper.

## V.     CONCLUSION

23.     Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

/ / /

/ / /

/ / /

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

24.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the basis for this removal.

WHEREFORE, Defendant removes this action to this Court.

DATED: December 15, 2021              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


                                     By: */s/ Bryce Farrington*
                                         Michael J. Sexton
                                         Bryce Farrington
                                         Attorneys for Defendant
                                         GCP APPLIED TECHNOLOGIES, INC.,
                                         a Delaware corporation

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 09:08:56 AM.
30-2021-01231423-CU-WT-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GCP APPLIED TECHNOLOGIES INC., a Delaware corporation; and
DOES 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VALENTE RODRIGUEZ, an individual;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| ORANGE COUNTY SUPERIOR COURT    North Justice Center<br>1275 North Berkeley Avenue<br>sb   ~~700 Civic Center Drive West Santa Ana CA~~ Fullerton, CA 92832 | 30-2021-01231423-CU-WT-NJC<br><br>Judge Craig Griffin |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367 (818) 610-8800

| DATE:<br>*(Fecha)* | 11/12/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | *Skeeter Berry*<br>Skeeter Berry | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **GCP APPLIED TECHNOLOGIES INC., a Delaware corporation**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

**EXHIBIT A, PAGE 09**

Case 5:21-cv-02089   Document 1   Filed 12/15/21   Page 11 of 43   Page ID #:11
Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 09:08:56 AM.
30-2021-01231423-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

1

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

2

3

4  JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448

5  SHAHLA JALIL-VALLES, STATE BAR NO. 327827

6  Attorneys for Plaintiff
**VALENTE RODRIGUEZ**

7

8

9  ## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10  ### FOR THE COUNTY OF ORANGE

Judge Craig Griffin
Assigned for All Purposes

11

12  VALENTE RODRIGUEZ, an individual;  Case No.: 30-2021-01231423-CU-WT-NJC

13  Plaintiff,  COMPLAINT FOR:

14  vs.

1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ.* [FEHA];**
2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;**
3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**
4. **FAILURE TO ENGAGE IN THE INTERACTVE PROCESS IN VIOLATION OF FEHA;**
5. **RETALIATION IN VIOLATION OF THE FEHA;**
6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

15

16  GCP APPLIED TECHNOLOGIES INC.,
a Delaware corporation; and DOES 1

17  through 50, inclusive;

18  Defendants.

19  **DEMAND FOR JURY TRIAL**

20  AMOUNT DEMANDED EXCEEDS $25,000.00

21

22

23  Plaintiff, VALENTE RODRIGUEZ, hereby brings his complaint against the above-

named Defendants and states and alleges as follows:

24

## PRELIMINARY ALLEGATIONS

25

26  1. At all times material herein, Plaintiff, VALENTE RODRIGUEZ (hereinafter referred to

as "Plaintiff") was and is a resident of the State of California, County of Riverside.

27

28

1

COMPLAINT

1    2. Plaintiff is informed, believes, and based thereon alleges that, at all times material

2    herein, Defendant GCP APPLIED TECHNOLOGIES INC. (hereinafter "GCP") was a Delaware

3    corporation doing business in the State of California, County of Orange.

4    3. DOES 1 through 50, and each of them, were and are the shareholders, and/or directors,

5    and/or officers, and/or agents, and/or alter egos of Defendants, and in doing the things herein

6    described, were acting within the scope of their authority as such shareholders, and/or directors,

7    and/or officers, and/or agents, and/or alter egos of Defendants.

8    4. The true names and capacities, whether individual, corporate, associate or otherwise of

9    DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said

10    fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE

11    Defendant is legally responsible in some manner for the events referred to in this complaint,

12    either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or

13    otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the

14    future seek leave of this court to show the true names and capacities of these DOE Defendants

15    when it has been ascertained.

16    5. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously

17    named Defendants is responsible in some manner for, and proximately caused, the harm and

18    damages alleged herein below.

19    6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants

20    named herein acted as the employee, agent, spouse, partner, alter-ego, joint employer, and/or

21    joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying

22    out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said

23    relationship and with the permission, consent and ratification of each of the other Defendants

24    named herein.

25    7. Finally, Defendants are liable for the acts of their employees under the doctrine of

26    respondeat superior and via conspiracy liability. Each of the acts described above and further

27    described below under each Cause of Action was perpetrated during the course and scope of

28    employment of the actors, was carried out with knowledge of Defendants, was condoned and

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**EXHIBIT A, PAGE 11**

1    ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take

2    said actions.

3          8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or

4    Defendants shall refer to all Defendants, and each of them.

5          9. The jurisdiction of this Court is proper for the relief sought herein, and the amount

6    demanded by Plaintiff exceeds $25,000.

7                                    **FACTUAL ALLEGATIONS**

8          10. Plaintiff began employment with Defendant in about January 1984 as a Machine

9    Operator. Throughout Plaintiff's employment with Defendant, he became a valued and integral

10   member of Defendant's organization.

11         11. In January 2020, Plaintiff was performing his job duties as a Machine Operator when

12   he began to notice that a particular machine he was working on was having technical issues.

13   Defendant's Site Mechanic and Supervisor were working on the particular machine that was

14   causing technical issues. Plaintiff was also working with the machinery at the time.

15         12. According to Defendant's policy and the training that Plaintiff had been given by

16   Defendant, when using a machine, there is specific paperwork that must be filled out by both the

17   Mechanic and the Supervisor who are using the machine stating that they have followed safety

18   protocol. When the machine was used, in January 2020, the paperwork was not filled out by

19   Plaintiff's Supervisors. Due to the failure to follow proper protocol, Plaintiff was injured by the

20   machine, causing his finger to suffer severe trauma, eventually leading to the amputation of his

21   right index finger.

22         13. Following the injury to his right index finger, Plaintiff immediately went to the

23   emergency room. Due to the severity of his injuries, Plaintiff had to undergo multiple surgeries.

24         14. Plaintiff's first surgery was in February 2020, about 15 days following the work-

25   related injury.

26         15. Plaintiff underwent a second operation in about May 2020.

27         16. After his injury, Plaintiff kept Defendant updated regarding his health and doctor's

28   appointments. Plaintiff informed Defendant that he would need to take some time to recuperate,

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**EXHIBIT A, PAGE 12**

1  he provided Defendant with medical notes, and informed Defendant that he would let them know

2  when he was ready and able to return to work. Plaintiff provided his medial notes to his

3  Supervisor, Elizabeth Gallardo ("Gallardo")

4      17. In November 2020, Plaintiff provided Defendant with a medical note that stated that he

5  could return to work with restrictions, including not lifting over 25 pounds. Defendant did not

6  engage in any interactive process with Plaintiff relating to his restrictions. Instead, Defendant

7  immediately informed Plaintiff that he could not return to work until he had no restrictions in

8  place. Specifically, Gallardo told Plaintiff, "Please do not come in anymore until you are healed,

9  the company does not want to hear from you."

10      18. In July 2021, Plaintiff received a phone call from Defendant where he was informed

11  that he was being terminated. Defendant explained to Plaintiff that the reason for his termination

12  was that he "violated a company policy," but was not provided with the policy in question or

13  given any further information.

14      19. Substantial motivating factors in Plaintiff's termination were his actual and/or

15  perceived disabilities. At the time of his termination, Defendants perceived Plaintiff to be

16  disabled.

17      20. Plaintiff was capable of performing the essential functions of open positions within

18  Defendant's organization. However, Defendant and its agents failed to engage in a timely, good

19  faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff

20  regarding any possible accommodations.

21      21. Plaintiff is informed and believes and based thereon alleges, that Defendant could have

22  provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to

23  terminate him instead.

24      22. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual,

25  consequential and incidental financial losses, including without limitation, loss of salary and

26  benefits, and the intangible loss of employment related opportunities in his field, all in an amount

27  subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil

28  Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    23. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

2    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

3    as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon

4    alleges, that he will continue to experience said physical and emotional suffering for a period in

5    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

6    24. Plaintiff further exhausted his administrative remedies by filing a complaint with the

7    Department of Fair Housing and Employment ("DFEH") on November 10, 2021. The DFEH

8    issued Plaintiff an immediate right-to-sue letter on November 10, 2021.

9    **FIRST CAUSE OF ACTION**

10   **DISCRIMINATION BASED UPON ACTUAL AND/OR PERCEIVED DISABILITY IN**

11   **VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

12   **(Against GCP and DOES 1 through 50)**

13   25. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

14   forth herein.

15   26. At all times herein mentioned, Government Code §§ 12940, *et seq.* were in full force

16   and effect and were binding on Defendants and each of them, as Defendants regularly employed

17   five (5) or more persons.  Under the Fair Employment and Housing Act ("FEHA"), Government

18   Code §§ 12940 *e. seq.*, it is an unlawful employment practice for an employer because of the

19   actual and/or perceived physical disability of a person to discharge the person from employment

20   or to discriminate against the person in compensation or in terms, conditions, or privileges of

21   employment.

22   27. At all times relevant, Defendants perceived Plaintiff as physically disabled due to a

23   medical condition.

24   28. Substantial motivating factors in Plaintiff's wrongful termination were his actual

25   and/or perceived disabilities.

26   29. Plaintiff was capable of performing the essential functions of his position and/or other

27   positions within Defendant's organization. However, Defendant and its agents failed to engage in

28·

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

5

COMPLAINT

1   a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate

2   with Plaintiff regarding any possible accommodations.

3       30. Plaintiff is informed and believes and based thereon alleges, that Defendant could

4   have provided reasonable accommodations to Plaintiff without suffering undue hardship.

5       31. Substantial motivating factors in Plaintiff's wrongful termination were his actual

6   and/or perceived disabilities. Plaintiff was capable of performing the essential functions of his

7   position and other positions within Defendant's organization. However, Defendant and its agents

8   failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed

9   to communicate with Plaintiff regarding any possible accommodations.

10      32. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

11  has suffered actual, consequential and incidental financial losses, including without limitation,

12  loss of salary and benefits, and the intangible loss of employment related opportunities in his

13  field and damage to his professional reputation, all in an amount subject to proof at the time of

14  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

15  and/or any other provision of law providing for prejudgment interest.

16      33. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

17  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

18  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

19  believes and thereupon alleges that he will continue to experience said physical and emotional

20  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

21  at the time of trial.

22      34. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

23  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

24  to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

25  recover attorneys' fees and costs under California Government Code § 12965(b).

26      35. Defendants had in place policies and procedures that specifically prohibited and

27  required Defendants' managers, officers, and agents to prevent disability discrimination, against

28  and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

6

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

2    prevent, and investigate, disability discrimination against and upon employees of Defendants.

3    However, Defendants chose to consciously and willfully ignore said policies and procedures and

4    therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

5    in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

6    to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

7    to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

8    exemplary and punitive damages against each Defendant in an amount to be established that is

9    appropriate to punish each Defendant and deter others from engaging in such conduct.

**SECOND CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF**

**GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)**

**(Against GCP and DOES 1 through 50)**

14    36. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

15    forth herein.

16    37. At all times mentioned herein, California Government Code Sections 12940, et seq.,

17    including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

18    binding upon Defendants and each of them.  These sections impose on an employer a duty to

19    take immediate and appropriate corrective action to end discrimination and take all reasonable

20    steps necessary to prevent discrimination from occurring, among other things.

21    38. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

22    supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

23    described herein.

24    39. Defendants failed to fulfill their statutory duty to timely take immediate and

25    appropriate corrective action to end the discrimination and also failed to take all reasonable steps

26    necessary to prevent the discrimination from occurring.

27    40. In failing and/or refusing to take immediate and appropriate corrective action to end

28    the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to

1 | discrimination from occurring, Defendants violated Government Code § 12940 (j) and (k),

2 | causing Plaintiff to suffer damages as set forth above.

3 |     41. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

4 | has suffered actual, consequential and incidental financial losses, including without limitation,

5 | loss of salary and benefits, and the intangible loss of employment related opportunities in his

6 | field and damage to his professional reputation, all in an amount subject to proof at the time of

7 | trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

8 | and/or any other provision of law providing for prejudgment interest.

9 |     42. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10 | has suffered and continues to suffer emotional distress, humiliation, mental anguish and

11 | embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

12 | believes and thereupon alleges that he will continue to experience said physical and emotional

13 | suffering for a period in the future not presently ascertainable, all in an amount subject to proof

14 | at the time of trial.

15 |     43. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16 | has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

17 | to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

18 | recover attorneys' fees and costs under Government Code § 12965(b).

19 |     44. Defendants had in place policies and procedures that specifically prohibited and

20 | required Defendants' managers, officers, and agents to prevent disability discrimination, against

21 | and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware

22 | of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

23 | prevent, and investigate, disability discrimination against and upon employees of Defendants.

24 | However, Defendants chose to consciously and willfully ignore said policies and procedures and

25 | therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

26 | in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

27 | to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

28 | to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

8

COMPLAINT

1  exemplary and punitive damages against each Defendant in an amount to be established that is

2  appropriate to punish each Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF

### GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

### (Against GCP and DOES 1 through 50)

7  45. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

8  forth herein.

9  46. At all times herein mentioned, California Government Code §§ 12940 *et seq.* were in

10  full force and effect and were binding on Defendants and each of them, as Defendants regularly

11  employed five (5) or more persons.

12  47. Although Defendants knew of Plaintiff's disabilities, Defendants failed to provide

13  reasonable accommodations for Plaintiff's disabilities in direct violation of Government Code §

14  12940.

15  48. Defendants could have accommodated Plaintiff without suffering undue hardship.

16  49. Plaintiff was capable of performing the essential functions of his position and/or other

17  positions within Defendant's organization. However, Defendant and its agents failed to engage in

18  a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate

19  with Plaintiff regarding any possible accommodations.

20  50. Plaintiff alleges that he could have fully performed all essential duties and functions of

21  his job and/or other jobs that Defendants had available, in an adequate, satisfactory and/or

22  outstanding manner.

23  51. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

24  has suffered actual, consequential and incidental financial losses, including without limitation,

25  loss of salary and benefits, and the intangible loss of employment related opportunities in his

26  field and damage to his professional reputation, all in an amount subject to proof at the time of

27  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

28  and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

9

COMPLAINT

1   52. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

2   has suffered and continues to suffer emotional distress, humiliation, mental anguish and

3   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

4   believes and thereupon alleges that he will continue to experience said physical and emotional

5   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

6   at the time of trial.

7   53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

8   has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

9   to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

10   recover attorneys' fees and costs under Government Code § 12965(b).

11   54. Defendants had in place policies and procedures that specifically prohibited and

12   required Defendants' managers, officers, and agents to prevent disability discrimination against

13   and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware

14   of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

15   prevent, and investigate, disability discrimination against and upon employees of Defendants.

16   However, Defendants chose to consciously and willfully ignore said policies and procedures and

17   therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

18   in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

19   to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

20   to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

21   exemplary and punitive damages against each Defendant in an amount to be established that is

22   appropriate to punish each Defendant and deter others from engaging in such conduct.

23   **FOURTH CAUSE OF ACTION**

24   **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

25   **IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

26   **(Against GCP and DOES 1 through 50)**

27   55. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

28   forth herein.

10

COMPLAINT

56. Government Code § 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

57. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known and/or perceived disabilities.

58. Plaintiff alleges that he could have fully performed all essential duties and functions of his job and/or other jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner.

59. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

62. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware

EXHIBIT A, PAGE 20

1   of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

2   prevent, and investigate, disability discrimination against and upon employees of Defendants.

3   However, Defendants chose to consciously and willfully ignore said policies and procedures and

4   therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

5   in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

6   to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

7   to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

8   exemplary and punitive damages against each Defendant in an amount to be established that is

9   appropriate to punish each Defendant and deter others from engaging in such conduct.

10                                      **FIFTH CAUSE OF ACTION**

11            **RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.***

12                       **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

13                               **(Against GCP and DOES 1 through 50)**

14          63. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

15   forth herein.

16          64. California Government Code § 12940(h) makes it unlawful for any person to retaliate

17   against an employee who has engaged in protected activity under the FEHA, including

18   requesting reasonable accommodations related to an employee's disability and/or medical

19   condition.

20          65. At all times herein mentioned, California Government Code § 12940 et seq., was in

21   full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

22   or more persons.

23          66. Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of

24   California Government Code § 12940(h).

25          67. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

26   has suffered actual, consequential and incidental financial losses, including without limitation,

27   loss of salary and benefits, and the intangible loss of employment related opportunities in his

28   field and damage to his professional reputation, all in an amount subject to proof at the time of

COMPLAINT

EXHIBIT A, PAGE 21

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1   trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2   and/or any other provision of law providing for prejudgment interest.

3         68. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4   has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

6   believes and thereupon alleges that he will continue to experience said physical and emotional

7   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8   at the time of trial.

9         69. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

11  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

12  recover attorneys' fees and costs under California Government Code § 12965(b).

13        70. Defendants had in place policies and procedures that specifically prohibited and

14  required Defendants' managers, officers, and agents to prevent retaliation for complaints of

15  discrimination against and upon employees of Defendants. Defendants' managers, officers,

16  and/or agents were aware of Defendants' policies and procedures requiring Defendants'

17  managers, officers, and agents to prevent retaliation for complaints of discrimination and

18  requesting reasonable accommodations against and upon employees of Defendants. However,

19  Defendants' managers, officers, and agents chose to consciously and willfully ignore said

20  policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

21  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

22  owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized,

23  ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

24  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

25  be established that is appropriate to punish each Defendant and deter others from engaging in

26  such conduct.

27  //

28  //

13

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1

## SIXTH CAUSE OF ACTION

2

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

3

### (Against GCP and DOES 1 through 50)

4      71. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this

5  place.

6      72. "[W]hen an employer's discharge of an employee violates fundamental principles of

7  public policy, the discharged employee may maintain a tort action and recover damages

8  traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167,

9  170 "[T]he cases in which violations of public policy are found generally fall into four

10  categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a

11  statutory right or privilege; and (4) reporting an alleged violation of a statute of public

12  importance." *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an

13  employer's authority over its employee does not include the right to demand that the employee

14  commit a criminal act to further its interests, and an employer may not coerce compliance with

15  such unlawful directions by discharging an employee who refuses to follow such an order . . ."

16  *Tameny, supra*, 27 Cal.3d at p. 178. This public policy of the State of California is designed to

17  protect all employees and to promote the welfare and well-being of the community at large.

18      73.  At all times herein mentioned, California Government Code §§ 12940, 12945, *et seq.*

19  were in full force and effect and were binding on Defendants and each of them, as Defendants

20  regularly employed five (5) or more persons.

21      74. California Government Code § 12940(h) makes it unlawful for any person to retaliate

22  against an employee who has engaged in protected activity under the FEHA, including

23  requesting reasonable accommodations for one's disability.

24      75. The public policy of the State of California is designed to protect all employees and to

25  promote the welfare and well-being of the community at large.  Accordingly, the actions of

26  Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described

27  herein were wrongful and in contravention of the express public policy of the State of California.

28

14

COMPLAINT

1  76. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

2  has suffered actual, consequential and incidental financial losses, including without limitation,

3  loss of salary and benefits, and the intangible loss of employment related opportunities in his

4  field and damage to his professional reputation, all in an amount subject to proof at the time of

5  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

6  and/or any other provision of law providing for prejudgment interest.

7  77. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

8  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

9  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

10  believes and thereupon alleges that he will continue to experience said physical and emotional

11  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

12  at the time of trial.

13  78. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

14  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

15  to continue to incur attorneys' fees and costs in connection therewith.

16  79. Defendants had in place policies and procedures that specifically required Defendant's

17  managers, officers, and agents to prevent discrimination against and upon employees of

18  Defendants.  However, Defendants chose to consciously and willfully ignore said policies and

19  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

20  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

21  Defendant to Plaintiff. Defendants also had a pattern and practice of discriminating against

22  employees. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

23  to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

24  exemplary and punitive damages against each Defendant in an amount to be established that is

25  appropriate to punish each Defendant and deter others from engaging in such conduct in the

26  future.

27  //

28  //

15

COMPLAINT

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

**WHEREFORE, Plaintiff prays for judgment as follows:**

1.  For general damages, according to proof;

2.  For special damages, according to proof;

3.  For loss of earnings, according to proof;

4.  For statutory penalties for wage and hour violations;

5.  For declaratory and injunctive relief, according to proof;

6.  For attorneys' fees, according to proof;

7.  For prejudgment interest, according to proof;

8.  For punitive and exemplary damages, according to proof;

9.  For costs of suit incurred herein;

10. For such other relief that the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action.

DATED:      November 12, 2021            JML LAW, A Professional Law Corporation

By:     _Shahla Jalil-Valles_

JOSEPH M. LOVRETOVICH

ERIC M. GRUZEN

SHAHLA JALIL-VALLES

Attorneys for Plaintiff

16

COMPLAINT

Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 09:08:56 AM.
30-2021-01231423-CU-WT-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles (73403; 222448; 327827)<br>JML LAW, APLC<br>5855 Topanga Canyon Boulevard, Suite 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800          FAX NO.: (818) 610-3030<br>ATTORNEY FOR *(Name):* Plaintiff, VALENTE RODRIGUEZ | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE  *sb*
STREET ADDRESS: XXXXXXXXXXXXXXXXXXXXXXX  North Justice Center
MAILING ADDRESS: XXXXXXXXXXXXXXXXXXXXX  1275 North Berkeley Avenue
CITY AND ZIP CODE: XXXXXXXXXXXXXXX  Fullerton, CA 92832
BRANCH NAME: XXXXXXXXXXXXXXX

CASE NAME:
RODRIGUEZ v. GCP APPLIED TECHNOLOGIES INC., ET AL.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2021-01231423-CU-WT-NJC<br>JUDGE: Judge Craig Griffin<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  6
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/12/2021
Eric M. Gruzen; Shahla Jalil-Valles
*(TYPE OR PRINT NAME)*          *Shahla Jalil-Valles*
          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

**EXHIBIT A, PAGE 26**

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

EXHIBIT A, PAGE 27

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE |
|---|---|
| PLAINTIFF: Valente Rodriguez | **Nov 16, 2021**<br>Clerk of the Court<br>By: **Skeeter Berry**, Deputy |
| DEFENDANT: GCP Applied Technologies Inc. | |
| Short Title: RODRIGUEZ VS. GCP APPLIED TECHNOLOGIES INC. | |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01231423-CU-WT-NJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>06/17/2022</u> at <u>09:30:00 AM</u> in Department <u>N17</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _Skeeter Berry_____ , Deputy

EXHIBIT A, PAGE 28

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** RODRIGUEZ VS. GCP APPLIED TECHNOLOGIES INC.

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2021-01231423-CU-WT-NJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Fullerton</u> , <u>California</u>, on <u>11/16/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>11/17/2021</u>.

Clerk of the Court, by: _*Shelley Berry*_____ , Deputy

JML LAW, A PROFESSIONAL LAW CORPORATION          VALENTE RODRIGUEZ
5855 TOPANGA CYN # 300
WOODLAND HILLS, CA 91367


GCP APPLIED TECHNOLOGIES INC.

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

EXHIBIT A, PAGE 29

# EXHIBIT B

1   Michael J. Sexton, CA Bar No. 153435
    michael.sexton@ogletree.com
2   Bryce Farrington, CA Bar No. 322900
    bryce.farrington@ogletree.com
3   OGLETREE, DEAKINS, NASH, SMOAK &
    STEWART, P.C.
4   Park Tower, Fifteenth Floor
    695 Town Center Drive
5   Costa Mesa, CA  92626
    Telephone:     714-800-7900
6   Facsimile:     714-754-1298

7   Attorneys for Defendant
    GCP APPLIED TECHNOLOGIES, INC., a
8   Delaware corporation

9               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                      **FOR THE COUNTY OF ORANGE**

11                         **NORTH JUSTICE CENTER**

| | |
|---|---|
| 12   VALENTE RODRIGUEZ, an individual, | Case No. 30-2021-01231423-CU-WT-NJC |
| 13                    Plaintiff, | **DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| 14           vs. | |
| 15   GCP APPLIED TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 50, inclusive, | [Assigned for all purposes to The Honorable Craig Griffin, Department N17] |
| 16 | |
| 17               Defendants. | Action Filed:     November 12, 2021 |
| 18 | Trial Date:      None Set |

19

20          Defendant GCP APPLIED TECHNOLOGIES, INC., a Delaware corporation ("Defendant"),

21   hereby answers the Complaint brought by Plaintiff VALENTE RODRIGUEZ, an individual

22   ("Plaintiff"), as amended, as follows:

23

24                                   <u>**ANSWER**</u>

25          Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies

26   generally each and every  allegation contained in Plaintiff's Complaint, and denies further that

27   Plaintiff has been injured in the amount or manner alleged or in any other manner whatsoever by

28   reason of the acts or omission on the part of Defendant, or any of them.

## AFFIRMATIVE DEFENSES

Additionally, without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses, or to modify its admissions and denials herein, based on such investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

1.    The claims in the Complaint are barred by the applicable statutes of limitations, including, but not limited to, California Government Code §12960 and 12965; and California Code of Civil Procedure § 335.1.

### SECOND AFFIRMATIVE DEFENSE

#### (Lack of Jurisdiction/Failure to Exhaust Administrative Remedies)

2.    This Court lacks jurisdiction over the Complaint and all claims alleged therein because Plaintiff failed to timely and/or properly exhaust administrative remedies as required by applicable law.

### THIRD AFFIRMATIVE DEFENSE

#### (Equitable Defenses)

3.    The Complaint and all claims alleged therein are barred by the doctrines of unclean hands, estoppel, waiver, consent, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

#### (Anti-Discrimination and Retaliation Policy)

4.    Defendant alleges that it maintained and enforced strict anti-discrimination and retaliation policies during the time in which Plaintiff alleges retaliation and/or discrimination.

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B, PAGE 32

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Utilize Policy and/or Corrective Action)

5.     The Complaint and all claims alleged therein are barred on the grounds that Defendant, at all relevant times, exercised reasonable care to prevent and immediately correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities or to otherwise avoid harm.

### SIXTH AFFIRMATIVE DEFENSE

#### (Decision Based on Legitimate Business Reason/Business Necessity)

6.     Plaintiff's claims are barred because any decisions made by Defendant concerning Plaintiff were reasonably based on legitimate reasons that did not violate public policy or any statutory prohibition.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

7.     Plaintiff's prayers for general, special, and/or punitive damages are barred under California law by the doctrine of avoidable consequences because Plaintiff unreasonably failed to make use of anti-discrimination and/or retaliation procedures and internal conflict resolution procedures by failing to timely and properly report any alleged discrimination and/or retaliation or other unlawful behavior, which could have resulted in Plaintiff avoiding damages in whole or in part.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Uncertainty)

8.     Plaintiff's losses, if any, are speculative and uncertain or both, and therefore not compensable.

### NINTH AFFIRMATIVE DEFENSE

#### (Did Not Ratify Alleged Unlawful Behavior)

9.     Plaintiff's claims are barred because Defendant was unaware of the conduct described in the Complaint and never ratified such conduct.

/ / /

/ / /

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

10.     Any recovery on the Complaint, or any purported cause of action alleged therein, is barred, in whole or in part, by Plaintiff's failure to mitigate damages, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Offset)**

11.     Defendant alleges that if Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendant continues to deny, then Defendant is entitled to an offset to the extent that Plaintiff received income from other sources, including, but not limited to, later employment and/or benefits paid to Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

12.     As a separate and affirmative defense, Plaintiff's Complaint, and each purported cause of action therein, is barred by the after-acquired evidence doctrine.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(In Course and Scope of Employment)**

13.     The Complaint is barred to the extent that the actions of Defendant's agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional)**

14.     Plaintiff's claims for tort damages and punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the due process clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the excessive fines clause (Eighth Amendment) of the United States Constitution, and the corresponding provisions of the Constitution of the State of California.

/ / /

/ / /

/ / /

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Exclusivity Of Workers' Compensation Laws)**

15.     The Complaint is barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, Labor Code Section 3600, *et seq*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Causation by Plaintiff)**

16.     The Complaint is barred because any damages or injuries that Plaintiff allegedly suffered were caused by Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff Unable or Unavailable for Work)**

17.     Defendant is informed and believes, and on the basis of such information and belief alleges that Plaintiff has been unavailable, unwilling, and unable and/or unqualified to perform any work for Defendant.  Therefore, Plaintiff is not entitled to recover any back pay, benefits or monetary damages from Defendant.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Settlement/Release)**

18.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff previously settled and/or released such causes of action against Defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Mixed Motive/Same Decision)**

19.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that Defendant would have made the same employment decisions regardless of any alleged unlawful motivation for those decisions.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

20.     The Complaint and/or each cause of action are barred on the grounds and/or to the extent that any accommodation not provided to Plaintiff was not provided because such

accommodation would have created an undue hardship on Defendant and/or been dangerous to Plaintiff or others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Health and Safety Risk)**

21. The Complaint and/or each cause of action are barred on the grounds and/or to the extent that even with reasonable accommodations, Plaintiff was unable to perform essential job duties without endangering his health and/or the health and safety of others.

### RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that any additional defenses would be appropriate.

WHEREFORE, Defendant prays as follows:

1. For entry of judgment in favor of Defendant and against Plaintiff;

2. That Plaintiff take nothing by way of his Complaint;

3. That Defendant be awarded costs of suit herein;

4. That Defendant be awarded actual attorneys' fees incurred in defending this suit; and

5. For such other and further relief as this Court may deem just and proper.

DATED: December 13, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Michael J. Sexton
Bryce Farrington

Attorneys for Defendant
GCP APPLIED TECHNOLOGIES, INC., a Delaware corporation

6

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

*Valente Rodriguez v. GCP Applied Technologies, Inc.*
Case No. 30-2021-01231423-CU-WT-NJC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On December 13, 2021, I served the following document(s):

**DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒  **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐  **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐  **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

        ☐   the written confirmation of counsel in this action:
        ☐   [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☐  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

---

7

1   ☒   **(State)**      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

3      Executed on December 13, 2021, at Costa Mesa, California.

4

5

6   Erin Montgomery

7   Type or Print Name                                    Signature

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT
EXHIBIT B, PAGE 38

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**

*Valente Rodriguez v. GCP Applied Technologies, Inc.*
Case No. 30-2021-01231423-CU-WT-NJC

Joseph M. Lovretovich, Esq.                    Attorneys for Plaintiff
jml@jmllaw.com                                 VALENTE RODRIGUEZ
Eric M. Gruzen, Esq.
egruzen@jmllaw.com
Shahla Jalil-Valles, Esq.
shahla@jmllaw.com
JML LAW
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800
Fax No.: (818) 610-3030

DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT B, PAGE 39

**PROOF OF SERVICE**
*Valente Rodriguez v. GCP Applied Technologies, Inc., et al.*
Case No. Pending

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA  92626.

On December 15, 2021, I served the following document(s):

**DEFENDANT GCP APPLIED TECHNOLOGIES, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒  **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐  **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐  **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐  **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

    ☐  the written confirmation of counsel in this action:
    ☐  [Federal Court] the written confirmation of counsel in this action and order of the court:

Case No. Pending

Rodriguez - Notice of

1

☐   **BY CM/ECF:**  With the Clerk of the United States District Court of California, using the CM/ECF System.  The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

2

3

4

☒   **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

5

6

☐   **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

7

8

9

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

10

Executed on December 15, 2021, at Costa Mesa, California.

11

12

13

14

Erin Montgomery

Type or Print Name

Signature

15

16

17

18

19

20

21

22

23

24

25

26

27

Rodriguez - Notice of

28

Case No. Pending

PROOF OF SERVICE

1
2

## SERVICE LIST

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph M. Lovretovich, Esq.           Attorneys for Plaintiff
Eric M. Gruzen, Esq.                  Valente Rodriguez
Shahla Jalil-Valles, Esq.
JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA  91367
Telephone:  818-610-8800
Fax No.:      818-610-3030
jml@jmllaw.com
egruzen@jmllaw.com
shahla@jmllaw.com

Rodriguez - Notice of

3

Case No. Pending

**PROOF OF SERVICE**

49487585.v1-Ogletree