Case 5:21-cv-02089   Document 1-1   Filed 12/15/21   Page 1 of 21   Page ID #:44
Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 09:08:56 AM.
30-2021-01231423-CU-WT-NJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GCP APPLIED TECHNOLOGIES INC., a Delaware corporation; and
DOES 1 through 50, inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VALENTE RODRIGUEZ, an individual;

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| ORANGE COUNTY SUPERIOR COURT | 30-2021-01231423-CU-WT-NJC |
| North Justice Center  1275 North Berkeley Avenue | Judge Craig Griffin |
| sb  ~~700 Civic Center Drive West Santa Ana CA~~  Fullerton, CA 92832 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*

Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles - 5855 Topanga Canyon Boulevard, Suite 300
Woodland Hills, CA 91367  (818) 610-8800

| DATE:  11/12/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by | *Skeeter Berry* | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | Skeeter Berry | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **GCP APPLIED TECHNOLOGIES INC., a Delaware corporation**

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Case 5:21-cv-02089   Document 1-1   Filed 12/15/21   Page 2 of 21   Page ID #:45
Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 09:08:56 AM.
30-2021-01231423-CU-WT-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ERIC M. GRUZEN, STATE BAR NO. 222448
SHAHLA JALIL-VALLES, STATE BAR NO. 327827

Attorneys for Plaintiff
**VALENTE RODRIGUEZ**

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

Judge Craig Griffin
Assigned for All Purposes

| | |
|---|---|
| VALENTE RODRIGUEZ, an individual; | Case No.: 30-2021-01231423-CU-WT-NJC |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA;** |
| GCP APPLIED TECHNOLOGIES INC., a Delaware corporation; and DOES 1 through 50, inclusive; | 3. **FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA;**<br>4. **FAILURE TO ENGAGE IN THE INTERACTVE PROCESS IN VIOLATION OF FEHA;** |
| Defendants. | 5. **RETALIATION IN VIOLATION OF THE FEHA;**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.** |
| | **DEMAND FOR JURY TRIAL** |
| | AMOUNT DEMANDED EXCEEDS $25,000.00 |

Plaintiff, VALENTE RODRIGUEZ, hereby brings his complaint against the above-named Defendants and states and alleges as follows:

## PRELIMINARY ALLEGATIONS

1. At all times material herein, Plaintiff, VALENTE RODRIGUEZ (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of Riverside.

1

COMPLAINT

2. Plaintiff is informed, believes, and based thereon alleges that, at all times material herein, Defendant GCP APPLIED TECHNOLOGIES INC. (hereinafter "GCP") was a Delaware corporation doing business in the State of California, County of Orange.

3. DOES 1 through 50, and each of them, were and are the shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants, and in doing the things herein described, were acting within the scope of their authority as such shareholders, and/or directors, and/or officers, and/or agents, and/or alter egos of Defendants.

4. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint employer, and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

7. Finally, Defendants are liable for the acts of their employees under the doctrine of respondeat superior and via conspiracy liability. Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was condoned and

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1  ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take
2  said actions.

3      8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or
4  Defendants shall refer to all Defendants, and each of them.

5      9. The jurisdiction of this Court is proper for the relief sought herein, and the amount
6  demanded by Plaintiff exceeds $25,000.

7                          **FACTUAL ALLEGATIONS**

8      10. Plaintiff began employment with Defendant in about January 1984 as a Machine
9  Operator. Throughout Plaintiff's employment with Defendant, he became a valued and integral
10  member of Defendant's organization.

11     11. In January 2020, Plaintiff was performing his job duties as a Machine Operator when
12  he began to notice that a particular machine he was working on was having technical issues.
13  Defendant's Site Mechanic and Supervisor were working on the particular machine that was
14  causing technical issues. Plaintiff was also working with the machinery at the time.

15     12. According to Defendant's policy and the training that Plaintiff had been given by
16  Defendant, when using a machine, there is specific paperwork that must be filled out by both the
17  Mechanic and the Supervisor who are using the machine stating that they have followed safety
18  protocol. When the machine was used, in January 2020, the paperwork was not filled out by
19  Plaintiff's Supervisors. Due to the failure to follow proper protocol, Plaintiff was injured by the
20  machine, causing his finger to suffer severe trauma, eventually leading to the amputation of his
21  right index finger.

22     13. Following the injury to his right index finger, Plaintiff immediately went to the
23  emergency room. Due to the severity of his injuries, Plaintiff had to undergo multiple surgeries.

24     14. Plaintiff's first surgery was in February 2020, about 15 days following the work-
25  related injury.

26     15. Plaintiff underwent a second operation in about May 2020.

27     16. After his injury, Plaintiff kept Defendant updated regarding his health and doctor's
28  appointments. Plaintiff informed Defendant that he would need to take some time to recuperate,

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

3
COMPLAINT

1    he provided Defendant with medical notes, and informed Defendant that he would let them know

2    when he was ready and able to return to work. Plaintiff provided his medial notes to his

3    Supervisor, Elizabeth Gallardo ("Gallardo")

4        17. In November 2020, Plaintiff provided Defendant with a medical note that stated that he

5    could return to work with restrictions, including not lifting over 25 pounds. Defendant did not

6    engage in any interactive process with Plaintiff relating to his restrictions. Instead, Defendant

7    immediately informed Plaintiff that he could not return to work until he had no restrictions in

8    place. Specifically, Gallardo told Plaintiff, "Please do not come in anymore until you are healed,

9    the company does not want to hear from you."

10       18. In July 2021, Plaintiff received a phone call from Defendant where he was informed

11   that he was being terminated. Defendant explained to Plaintiff that the reason for his termination

12   was that he "violated a company policy," but was not provided with the policy in question or

13   given any further information.

14       19. Substantial motivating factors in Plaintiff's termination were his actual and/or

15   perceived disabilities. At the time of his termination, Defendants perceived Plaintiff to be

16   disabled.

17       20. Plaintiff was capable of performing the essential functions of open positions within

18   Defendant's organization. However, Defendant and its agents failed to engage in a timely, good

19   faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff

20   regarding any possible accommodations.

21       21. Plaintiff is informed and believes and based thereon alleges, that Defendant could have

22   provided reasonable accommodations to Plaintiff without suffering undue hardship, but chose to

23   terminate him instead.

24       22. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual,

25   consequential and incidental financial losses, including without limitation, loss of salary and

26   benefits, and the intangible loss of employment related opportunities in his field, all in an amount

27   subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil

28   Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    23. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

2    continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

3    as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon

4    alleges, that he will continue to experience said physical and emotional suffering for a period in

5    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

6    24. Plaintiff further exhausted his administrative remedies by filing a complaint with the

7    Department of Fair Housing and Employment ("DFEH") on November 10, 2021. The DFEH

8    issued Plaintiff an immediate right-to-sue letter on November 10, 2021.

9    **FIRST CAUSE OF ACTION**

10   **DISCRIMINATION BASED UPON ACTUAL AND/OR PERCEIVED DISABILITY IN**

11   **VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

12   **(Against GCP and DOES 1 through 50)**

13   25. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

14   forth herein.

15   26. At all times herein mentioned, Government Code §§ 12940, *et seq.* were in full force

16   and effect and were binding on Defendants and each of them, as Defendants regularly employed

17   five (5) or more persons.  Under the Fair Employment and Housing Act ("FEHA"), Government

18   Code §§ 12940 *e. seq.*, it is an unlawful employment practice for an employer because of the

19   actual and/or perceived physical disability of a person to discharge the person from employment

20   or to discriminate against the person in compensation or in terms, conditions, or privileges of

21   employment.

22   27. At all times relevant, Defendants perceived Plaintiff as physically disabled due to a

23   medical condition.

24   28. Substantial motivating factors in Plaintiff's wrongful termination were his actual

25   and/or perceived disabilities.

26   29. Plaintiff was capable of performing the essential functions of his position and/or other

27   positions within Defendant's organization. However, Defendant and its agents failed to engage in

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

5

a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

30. Plaintiff is informed and believes and based thereon alleges, that Defendant could have provided reasonable accommodations to Plaintiff without suffering undue hardship.

31. Substantial motivating factors in Plaintiff's wrongful termination were his actual and/or perceived disabilities. Plaintiff was capable of performing the essential functions of his position and other positions within Defendant's organization. However, Defendant and its agents failed to engage in a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate with Plaintiff regarding any possible accommodations.

32. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

33. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

34. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

35. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware

6

COMPLAINT

1  of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

2  prevent, and investigate, disability discrimination against and upon employees of Defendants.

3  However, Defendants chose to consciously and willfully ignore said policies and procedures and

4  therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

5  in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

6  to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

7  to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

8  exemplary and punitive damages against each Defendant in an amount to be established that is

9  appropriate to punish each Defendant and deter others from engaging in such conduct.

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF

### GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

### (Against GCP and DOES 1 through 50)

14  36. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

15  forth herein.

16  37. At all times mentioned herein, California Government Code Sections 12940, et seq.,

17  including but not limited to Sections 12940 (j) and (k), were in full force and effect and were

18  binding upon Defendants and each of them.  These sections impose on an employer a duty to

19  take immediate and appropriate corrective action to end discrimination and take all reasonable

20  steps necessary to prevent discrimination from occurring, among other things.

21  38. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately

22  supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as

23  described herein.

24  39. Defendants failed to fulfill their statutory duty to timely take immediate and

25  appropriate corrective action to end the discrimination and also failed to take all reasonable steps

26  necessary to prevent the discrimination from occurring.

27  40. In failing and/or refusing to take immediate and appropriate corrective action to end

28  the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1  discrimination from occurring, Defendants violated Government Code § 12940 (j) and (k),

2  causing Plaintiff to suffer damages as set forth above.

3      41. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

4  has suffered actual, consequential and incidental financial losses, including without limitation,

5  loss of salary and benefits, and the intangible loss of employment related opportunities in his

6  field and damage to his professional reputation, all in an amount subject to proof at the time of

7  trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

8  and/or any other provision of law providing for prejudgment interest.

9      42. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

11  embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

12  believes and thereupon alleges that he will continue to experience said physical and emotional

13  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

14  at the time of trial.

15      43. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

16  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

17  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

18  recover attorneys' fees and costs under Government Code § 12965(b).

19      44. Defendants had in place policies and procedures that specifically prohibited and

20  required Defendants' managers, officers, and agents to prevent disability discrimination, against

21  and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware

22  of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

23  prevent, and investigate, disability discrimination against and upon employees of Defendants.

24  However, Defendants chose to consciously and willfully ignore said policies and procedures and

25  therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

26  in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

27  to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

28  to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1 exemplary and punitive damages against each Defendant in an amount to be established that is

2 appropriate to punish each Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE IN VIOLATION OF

### GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)

### (Against GCP and DOES 1 through 50)

7     45. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

8 forth herein.

9     46. At all times herein mentioned, California Government Code §§ 12940 *et seq*. were in

10 full force and effect and were binding on Defendants and each of them, as Defendants regularly

11 employed five (5) or more persons.

12     47. Although Defendants knew of Plaintiff's disabilities, Defendants failed to provide

13 reasonable accommodations for Plaintiff's disabilities in direct violation of Government Code §

14 12940.

15     48. Defendants could have accommodated Plaintiff without suffering undue hardship.

16     49. Plaintiff was capable of performing the essential functions of his position and/or other

17 positions within Defendant's organization. However, Defendant and its agents failed to engage in

18 a timely, good faith interactive process in good faith with Plaintiff, and failed to communicate

19 with Plaintiff regarding any possible accommodations.

20     50. Plaintiff alleges that he could have fully performed all essential duties and functions of

21 his job and/or other jobs that Defendants had available, in an adequate, satisfactory and/or

22 outstanding manner.

23     51. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

24 has suffered actual, consequential and incidental financial losses, including without limitation,

25 loss of salary and benefits, and the intangible loss of employment related opportunities in his

26 field and damage to his professional reputation, all in an amount subject to proof at the time of

27 trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

28 and/or any other provision of law providing for prejudgment interest.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1      52. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

2   has suffered and continues to suffer emotional distress, humiliation, mental anguish and

3   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

4   believes and thereupon alleges that he will continue to experience said physical and emotional

5   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

6   at the time of trial.

7      53. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

8   has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

9   to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

10   recover attorneys' fees and costs under Government Code § 12965(b).

11      54. Defendants had in place policies and procedures that specifically prohibited and

12   required Defendants' managers, officers, and agents to prevent disability discrimination against

13   and upon employees of Defendants.  Managers, officers, and/or agents of Defendants were aware

14   of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

15   prevent, and investigate, disability discrimination against and upon employees of Defendants.

16   However, Defendants chose to consciously and willfully ignore said policies and procedures and

17   therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

18   in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

19   to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

20   to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

21   exemplary and punitive damages against each Defendant in an amount to be established that is

22   appropriate to punish each Defendant and deter others from engaging in such conduct.

**FOURTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)**

**(Against GCP and DOES 1 through 50)**

27      55. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

28   forth herein.

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

56. Government Code § 12940(n) provides that it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any.

57. Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known and/or perceived disabilities.

58. Plaintiff alleges that he could have fully performed all essential duties and functions of his job and/or other jobs that Defendants had available, in an adequate, satisfactory and/or outstanding manner.

59. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in his field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

60. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

61. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code § 12965(b).

62. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to

2    prevent, and investigate, disability discrimination against and upon employees of Defendants.

3    However, Defendants chose to consciously and willfully ignore said policies and procedures and

4    therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done

5    in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant

6    to Plaintiff.  Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

7    to engage in the wrongful conduct alleged above.  Plaintiff should, therefore, be awarded

8    exemplary and punitive damages against each Defendant in an amount to be established that is

9    appropriate to punish each Defendant and deter others from engaging in such conduct.

10                    **FIFTH CAUSE OF ACTION**

11    **RETALIATION IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.***

12              **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

13                    **(Against GCP and DOES 1 through 50)**

14         63. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set

15    forth herein.

16         64. California Government Code § 12940(h) makes it unlawful for any person to retaliate

17    against an employee who has engaged in protected activity under the FEHA, including

18    requesting reasonable accommodations related to an employee's disability and/or medical

19    condition.

20         65. At all times herein mentioned, California Government Code § 12940 et seq., was in

21    full force and effect and was binding on Defendants, as Defendants regularly employed five (5)

22    or more persons.

23         66. Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of

24    California Government Code § 12940(h).

25         67. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

26    has suffered actual, consequential and incidental financial losses, including without limitation,

27    loss of salary and benefits, and the intangible loss of employment related opportunities in his

28    field and damage to his professional reputation, all in an amount subject to proof at the time of

                                     12
                                  COMPLAINT

1   trial.  Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

2   and/or any other provision of law providing for prejudgment interest.

3        68. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4   has suffered and continues to suffer emotional distress, humiliation, mental anguish and

5   embarrassment, as well as the manifestation of physical symptoms.  Plaintiff is informed and

6   believes and thereupon alleges that he will continue to experience said physical and emotional

7   suffering for a period in the future not presently ascertainable, all in an amount subject to proof

8   at the time of trial.

9        69. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

10  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

11  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

12  recover attorneys' fees and costs under California Government Code § 12965(b).

13       70. Defendants had in place policies and procedures that specifically prohibited and

14  required Defendants' managers, officers, and agents to prevent retaliation for complaints of

15  discrimination against and upon employees of Defendants. Defendants' managers, officers,

16  and/or agents were aware of Defendants' policies and procedures requiring Defendants'

17  managers, officers, and agents to prevent retaliation for complaints of discrimination and

18  requesting reasonable accommodations against and upon employees of Defendants. However,

19  Defendants' managers, officers, and agents chose to consciously and willfully ignore said

20  policies and procedures and therefore, their outrageous conduct was fraudulent, malicious,

21  oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties

22  owed by each Defendant to Plaintiff.  Each Defendant aided, abetted, participated in, authorized,

23  ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

24  therefore, be awarded exemplary and punitive damages against each Defendant in an amount to

25  be established that is appropriate to punish each Defendant and deter others from engaging in

26  such conduct.

27  //

28  //

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against GCP and DOES 1 through 50)

71. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this place.

72. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 "[T]he cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a statutory right or privilege; and (4) reporting an alleged violation of a statute of public importance." *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with such unlawful directions by discharging an employee who refuses to follow such an order . . ." *Tameny, supra*, 27 Cal.3d at p. 178. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

73. At all times herein mentioned, California Government Code §§ 12940, 12945, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons.

74. California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has engaged in protected activity under the FEHA, including requesting reasonable accommodations for one's disability.

75. The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California.

1      76. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff

2  has suffered actual, consequential and incidental financial losses, including without limitation,

3  loss of salary and benefits, and the intangible loss of employment related opportunities in his

4  field and damage to his professional reputation, all in an amount subject to proof at the time of

5  trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288

6  and/or any other provision of law providing for prejudgment interest.

7      77. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

8  has suffered and continues to suffer emotional distress, humiliation, mental anguish and

9  embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and

10  believes and thereupon alleges that he will continue to experience said physical and emotional

11  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

12  at the time of trial.

13      78. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

14  has been forced to hire attorneys to prosecute his claims herein, and has incurred and is expected

15  to continue to incur attorneys' fees and costs in connection therewith.

16      79. Defendants had in place policies and procedures that specifically required Defendant's

17  managers, officers, and agents to prevent discrimination against and upon employees of

18  Defendants. However, Defendants chose to consciously and willfully ignore said policies and

19  procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and

20  was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each

21  Defendant to Plaintiff. Defendants also had a pattern and practice of discriminating against

22  employees. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired

23  to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded

24  exemplary and punitive damages against each Defendant in an amount to be established that is

25  appropriate to punish each Defendant and deter others from engaging in such conduct in the

26  future.

27  //

28  //

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

1    **WHEREFORE, Plaintiff prays for judgment as follows:**

2    1.    For general damages, according to proof;

3    2.    For special damages, according to proof;

4    3.    For loss of earnings, according to proof;

5    4.    For statutory penalties for wage and hour violations;

6    5.    For declaratory and injunctive relief, according to proof;

7    6.    For attorneys' fees, according to proof;

8    7.    For prejudgment interest, according to proof;

9    8.    For punitive and exemplary damages, according to proof;

10   9.    For costs of suit incurred herein;

11   10.   For such other relief that the Court may deem just and proper.

12                          **DEMAND FOR JURY TRIAL**

13   Plaintiff hereby demands a jury trial on all causes of action.

14

15

16   DATED:      November 12, 2021          JML LAW, A Professional Law Corporation

17

18

19                                   By:    _Shahla Jalil-Valles_

20                                          JOSEPH M. LOVRETOVICH

21                                          ERIC M. GRUZEN

22                                          SHAHLA JALIL-VALLES

23                                          Attorneys for Plaintiff

24

25

26

27

28

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367

Electronically Filed by Superior Court of California, County of Orange, 11/12/2021 09:08:56 AM.
30-2021-01231423-CU-WT-NJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Skeeter Berry, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich; Eric M. Gruzen; Shahla Jalil-Valles (73403; 222448; 327827)<br>JML LAW, APLC<br>5855 Topanga Canyon Boulevard, Suite 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818) 610-8800    FAX NO.: (818) 610-3030<br>ATTORNEY FOR *(Name):* Plaintiff, VALENTE RODRIGUEZ | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE        *sb* |
|---|
| STREET ADDRESS: ~~XXXXXXXXXXXXXXXXXXXXXX~~  North Justice Center |
| MAILING ADDRESS: ~~XXXXXXXXXXXXXXXXXXXXXX~~  1275 North Berkeley Avenue |
| CITY AND ZIP CODE: ~~XXXXXXXXXXXXXXX~~  Fullerton, CA 92832 |
| BRANCH NAME: ~~XXXXXXXXXXXXXXX~~ |

| CASE NAME:<br>RODRIGUEZ v. GCP APPLIED TECHNOLOGIES INC., ET AL. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount           (Amount<br>demanded        demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2021-01231423-CU-WT-NJC |
| | | JUDGE: Judge Craig Griffin<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*  6
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11/12/2021

Eric M. Gruzen; Shahla Jalil-Valles                    ▶        *Shahla Jalil-Valles*
_____                    _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 1275 N. Berkeley Ave<br>MAILING ADDRESS: 1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton 92838<br>BRANCH NAME: North Justice Center | *FOR COURT USE ONLY*<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLAINTIFF: Valente Rodriguez | |
| DEFENDANT: GCP Applied Technologies Inc. | **Nov 16, 2021**<br>Clerk of the Court<br>By: **Skeeter Berry**, Deputy |
| Short Title: RODRIGUEZ VS. GCP APPLIED TECHNOLOGIES INC. | |

| **NOTICE OF HEARING**<br>**CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01231423-CU-WT-NJC |
|---|---|

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>06/17/2022</u> at <u>09:30:00 AM</u> in Department <u>N17</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _____Skeeter Berry_____, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** RODRIGUEZ VS. GCP APPLIED TECHNOLOGIES INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**30-2021-01231423-CU-WT-NJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Fullerton</u> , <u>California</u>, on <u>11/16/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>11/17/2021</u>.

Clerk of the Court, by: _Shatu Beny_ _____ , Deputy

JML LAW, A PROFESSIONAL LAW CORPORATION          VALENTE RODRIGUEZ
5855 TOPANGA CYN # 300
WOODLAND HILLS, CA 91367


GCP APPLIED TECHNOLOGIES INC.

V3 1013a (June 2004)                              Code of Civil Procedure , § CCP1013(a)